RYAN D. LAPIDUS (Bar No. 196838)
Email: ryan@lapiduslaw.com
DANIEL C. LAPIDUS (Bar No. 227170)
Email: dan@lapiduslaw.com
JIM D. BAUCH (Bar No. 199454)
Email: jim@lapiduslaw.com
LAPIDUS & LAPIDUS
A PROFESSIONAL LAW CORPORATION
177 SOUTH BEVERLY DRIVE
BEVERLY HILLS, CALIFORNIA 90212
TEL: 310-550-8700
FAX: 310-943-2471

Attorneys for Alleged Judgment Debtor
Park & Velayos LLP

**FILED & ENTERED**

**OCT 31 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell **DEPUTY CLERK**

**CHANGES MADE BY COURT**

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA LOS ANGELES DIVISION

| | |
|---|---|
| IN RE<br><br>ARKLAND INVESTMENT, LLC,<br><br>        Debtor,<br>HEIDI KURTZ, the duly appointed and acting Chapter 7 Trustee of the estate of Arkland Investment, LLC, a Nevada limited liability company,<br><br>        Plaintiff,<br><br>  vs.<br><br>SIXTH AND VIRGIL, LLC et al.,<br><br>        Defendants. | CASE NO.: 2:12-14433-RK<br><br>Chapter 7<br><br>Adv. No.: 2:17-AP-01479-RK<br><br>**ORDER RE MOTION TO REMAND**<br><br>Hearing Date: October 24, 2017<br>Hearing Time: 2:30 p.m.<br>Place:      Courtroom 1675 |

**ORDER RE MOTION TO REMAND**

- 0

On October 24, 2017, the motion of Universal Bank to remand this matter to state court and request for attorneys fees and costs for sanctions ("Motion to Remand") came on for hearing in the above-captioned court.

Jim D. Bauch appeared for Park & Velayos LLP. Anthony Rothman appeared for Universal Bank. Ernesto Aldover appeared for Daniel Niemann.

The Court, having considered the papers and the arguments of counsel, ordered as follows:

The Motion to Remand is DENIED, for the reasons stated in the Tentative Ruling attached as Exhibit A to this Order, which is adopted as the final ruling.

###

Date: October 31, 2017

_____
Robert Kwan
United States Bankruptcy Judge

**ORDER RE MOTION TO REMAND**

- 1

# United States Bankruptcy Court
# Central District of California
Los Angeles
Judge Robert Kwan, Presiding
Courtroom 1675 Calendar

Tuesday, October 24, 2017      Hearing Room    1675

2:30 PM
**2:12-14433**    **Arkland Investment LLC**        **Chapter 7**
Adv#: 2:17-01479     Kurtz v. SIXTH AND VIRGIL, LLC et al.

   **#23.00**      Hearing re: Motion for remand; request for attorneys fees and costs for sanctions

                               Docket     15

   **Tentative Ruling:**

   Deny bank's motion for remand of removed claim to add judgment debtors under California Code of Civil Procedure § 187. Funding parties could properly remove such claim against them pursuant to 28 U.S.C. §§ 1452(a) and 1334 since removal of claim against them was within 30 days of the initial pleading against them asserting such claim. Fed. R. Bankr. P. 9027(a)(3). Funding parties are being sued with respect to their funding of the state court litigation against bank through loans to the Chapter 7 trustee as the representative of the bankruptcy estate, which appears to affect the administration of the bankruptcy estate, implicating the so-called Barton doctrine that such action may be considered as against the trustee or an officer of the bankruptcy estate and must be reviewed first by this court before proceeding in a nonbankruptcy forum, and jurisdiction may exist under the court's "arising under" or "related to" jurisdiction under 28 U.S.C. § 1334. See *In re Crown Vantage, Inc.*, 421 F.3d 963, 970-971 (9th Cir. 2005); *Lawrence v. Goldberg*, 573 F.3d 1265, 11270 (11th Cir. 2009).

   The court looks at various equitable factors in determining whether to remand a removed action under 28 U.S.C. § 1452(b). *In re Cytodyn of New Mexico, Inc.*, 374 B.R. 733, 738 (Bankr. C.D. Cal. 2007)(citation omitted).

   1. The effect or lack thereof on the efficient administration of the estate if a court recommends remand – does not favor remand because movant's claim is viable only if responding parties acted beyond the scope of their role as lenders to the bankruptcy estate which relates to the administration of the estate;

    2. The extent to which state law issues predominate over bankruptcy issues – neutral factor because while movant's claim is based on state law, the claim

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Robert Kwan, Presiding
Courtroom 1675 Calendar

Tuesday, October 24, 2017     Hearing Room    1675

2:30 PM
CONT...     Arkland Investment LLC     Chapter 7

is viable only if responding parties acted beyond the scope of their role as lenders to the bankruptcy estate which relates to the administration of the estate;

3. The difficulty or unsettled nature of the applicable law – does not favor remand because law not difficult or unsettled;

4. The presence of a related proceeding commenced in state court or other non-bankruptcy court – favors remand because removed proceeding from state court;

5. The jurisdictional basis, if any, other than 28 U.S.C. § 1334 – does not favor remand because the motion relates to administration of the bankruptcy estate, which implicates the "arising under" jurisdiction of the court;

6. The degree of relatedness or remoteness of the proceeding to the main bankruptcy case – does not favor remand because the responding parties are being sued with respect to their role as lenders to the bankruptcy estate which affects the administration of the bankruptcy estate;

7. The substance rather than form of an asserted "core" proceeding – does not favor remand because issue is whether responding parties stayed within bounds of their status as parties funding estate's estate litigation, which appears to be a core matter under 11 U.S.C. § 157(b)(2)(A);

8. The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court – does not favor remand because severing claims not feasible;

9. The burden on the bankruptcy court's docket – does not favor remand because matter does not seem to be much of a burden on the bankruptcy case;

10. The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties – neutral factor because while responding parties removed from state court, movant could have request leave under Barton doctrine to bring action in state court or this court;

# United States Bankruptcy Court
# Central District of California
Los Angeles
Judge Robert Kwan, Presiding
Courtroom 1675 Calendar

Tuesday, October 24, 2017     Hearing Room    1675

2:30 PM
CONT...    Arkland Investment LLC      Chapter 7

11. The existence of a right to a jury trial – does not favor remand because there is no claimed right to jury trial;

12. The presence in the proceeding of nondebtor parties –does not favor remand because remaining dispute does not involve other nondebtor parties;

13. Comity – neutral factor because while action removed from state court, movant probably should have request leave of this court to proceed in state court pursuant to the Barton doctrine;

14. The possibility of prejudice to other parties in the action – does not favor remand because there does not appear to be prejudice to other parties if the matter is litigated in the bankruptcy court.

In considering these factors, the court believes that the matter should not be remanded and should be decided by this court because the matter relates to administration of the bankruptcy estate, that is, are the funding parties being sued for their role as assisting the bankruptcy estate as lenders, or for acts beyond the scope of that assistance.

Appearances are required on 10/24/17.

| Party Information |
|---|

**Debtor(s):**

| | |
|---|---|
| Arkland Investment LLC | Represented By<br>Jeremy  Faith<br>Elizabeth  Jiang |

**Defendant(s):**

| | |
|---|---|
| SIXTH AND VIRGIL, LLC et al. | Pro Se |

**Plaintiff(s):**

| | |
|---|---|
| Heidi  Kurtz | Pro Se |

**Trustee(s):**

| | |
|---|---|
| Heide  Kurtz (TR) | Represented By |

# United States Bankruptcy Court
# Central District of California
Los Angeles
Judge Robert Kwan, Presiding
Courtroom 1675 Calendar

Tuesday, October 24, 2017      Hearing Room    1675

2:30 PM
CONT...      Arkland Investment LLC                                                                          Chapter 7
                                   Carmela Pagay
                                   Timothy J Yoo